MICHAEL S. DANKO, SBN 111359
mdanko@dankolaw.com
CLAIRE Y. CHOO, SBN 252723
cchoo@dankolaw.com
**DANKO MEREDITH**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Telephone: (650) 453-3600
Facsimile: (650) 394-8672

Attorneys for Plaintiff
DANKO MEREDITH

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
JENNIFER S WANG (CABN 233155)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6967
     FAX: (415) 436-6748
     jennifer.s.wang@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DANKO MEREDITH, a professional corporation, | Case No. C14-4418 JSW |
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE** |
| UNITED STATES OF AMERICA AIR FORCE 60TH MOBILITY WING, and DOES ONE through FIFTY, inclusive, | |
| Defendants. | |

1   Plaintiff Danko Meredith ("plaintiff") and defendant United States Air Force ("defendant")

2   hereby enter into this Stipulation and [Proposed] Order Re Settlement and Dismissal With Prejudice

3   ("Stipulation"), as follows:

4       1.    Defendant shall pay to plaintiff the amount of four thousand seven hundred dollars and

5   zero cents ($4,700.00) in full and complete satisfaction of plaintiff's claims for attorney's fees, costs,

6   and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in

7   the above-captioned matter.  This payment shall constitute full and final satisfaction of any and all of

8   plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is

9   inclusive of any interest.  Payment of this money will be made by electronic funds transfer, and

10  plaintiff's counsel will provide the necessary information to defendant's counsel to effectuate the

11  transfer.  Defendant will make all reasonable efforts to make payment within sixty (60) days of the date

12  that plaintiff's counsel provides the necessary information for the electronic funds transfer and this

13  Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that time

14  frame.

15      2.    Upon the execution of this Stipulation, plaintiff, having received the records it requested,

16  hereby releases and forever discharges defendant, its successors, the United States of America, and any

17  department, agency, or establishment of the United States, and any officers, employees, agents,

18  successors, or assigns of such department, agency, or establishment, from any and all claims and causes

19  of action that plaintiff asserts or could have asserted in this litigation, or which hereafter could be

20  asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA request

21  on which this action is based or any other matter alleged in the Complaint, including but not limited to

22  all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the

23  above-captioned litigation.

24      3.    The provisions of California Civil Code Section 1542 are set forth below:

25      "A general release does not extend to claims which the creditor does not know or suspect
    to exist in his or her favor at the time of executing the release, which if known by him or
26  her must have materially affected his or her settlement with the debtor."

27

28

1 Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorney, and

2 fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have

3 pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands

4 that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for

5 attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts

6 now believed by it to be true, the Stipulation shall be and remain effective notwithstanding such material

7 difference.

8     4.    Execution of this Stipulation and its approval by the Court shall constitute dismissal of

9 this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

10     5.    The parties acknowledge that this Stipulation is entered into solely for the purpose of

11 settling and compromising any remaining claims in this action without further litigation, and it shall not

12 be construed as evidence or as an admission on the part of defendant, the United States, its agents,

13 servants, components, or employees regarding any issue of law or fact, or regarding the truth or validity

14 of any allegation or claim raised in this action, or as evidence or as an admission by the defendant

15 regarding plaintiff's entitlement to attorneys' fees, costs, or other litigation expenses under FOIA.   This

16 Stipulation is entered into by the parties for the purpose of compromising disputed claims and avoiding

17 the expenses and risks of litigation. This Stipulation shall not be used in any manner to establish liability

18 for fees or costs in any other case or proceeding involving defendant.

19     6.    This Stipulation may be pled as a full and complete defense to any action or other

20 proceeding, including any local, state or federal administrative action, involving any person or party

21 which arises out of the claims released and discharged by this agreement.

22     7.    This Stipulation is binding upon and inures to the benefit of the parties hereto and their

23 respective successors and assigns.

24     8.    If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the

25 validity, legality, and enforceability of the remaining provisions shall not in any way be affected or

26 impaired thereby.

27     9.    This Stipulation shall constitute the entire agreement between the parties, and it is

28 expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the

STIPULATION AND [PROPOSED] ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE
C14-4418 JSW        3

parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

        10.    The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

        11.    This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

        12.    The Stipulation may be executed in counterparts and is effective on the date by which both parties have executed the Stipulation.

        SO STIPULATED AND AGREED.

DATED: May 19, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

JENNIFER S WANG
Assistant United States Attorney
Attorneys for United States Air Force

DATED: May 18, 2015

DANKO MEREDITH

CLAIRE Y. CHOO
Attorney for Plaintiff

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  May 21, 2015

The Honorable Jeffrey S. White
United States District Judge

STIPULATION AND [PROPOSED] ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE
C14-4418 JSW        4